# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> METLIFE DISABILITY, ) <br> ) <br> Defendant. ) | Civil Action No. 25-1089-GBW |

## MEMORANDUM ORDER

Plaintiff Roland C. Anderson, of Wilmington, Delaware, moved for leave to proceed *in forma pauperis* and filed a complaint *pro se* in the above-captioned civil action. (D.I. 1; D.I. 2.) This Court subsequently granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 14.) As such, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Plaintiff was employed by General Motors (GM) for six months in or around 1982, during which time, Plaintiff sustained a left

shoulder injury due to overhead repetitive motion. (*See* D.I. 2 at 7, 17.) "On September 30, 1997, [Plaintiff] filed a petition to Determine Compensation Due, alleging that he suffered a left shoulder condition as a result of repetitive work he performed at GM." (*Id.* at 7.) Then earlier this year, Defendant relayed to Plaintiff, "after [Defendant] received a letter [on January 27, 2025,] about [Plaintiff] being eligible for [long term disability]," that Defendant "did not approve [Plaintiff's] benefits as required." (*Id.* at 4.) Based on the foregoing, Plaintiff alleges that he has exhausted administrative remedies for an Employee Retirement Income Security Act (ERISA) claim. (*Id.* at 17.) Plaintiff seeks his "entitlement and benefits" and $800,841.55 in monetary damages by way of this civil action. (*Id.*)

Several documents are included in the complaint, yet none suggest that Defendant received a letter stating Plaintiff was eligible for long term disability on January 27, 2025. (*See id.* at 8-10, 13-16.) To the contrary, a February 2025 letter from Defendant to Plaintiff states that Plaintiff filed a corporate complaint on January 27, 2025 regarding a phone call earlier that month in which Defendant informed Plaintiff that he had exhausted administrative remedies for his disability and benefits claim. (*Id.* at 9.) The February 6, 2025 letter states that Defendant—

> stands behind the decision made regarding [Plaintiff's] lack of disability coverage eligibility and there is no information that would be exchanged in a telephone call discussion that would mitigate MetLife's

2

> position. [Plaintiff has] contacted both [Defendant and GM] at various times regarding [his] assertion that [he] had disability coverage in 1982. It has been explained to [Plaintiff] verbally and in writing over the years that [he] did not have disability coverage through [GM] when [he] stopped working for them in 1982, following a brief period of employment. [Defendant's] records [d]o not support that [Plaintiff] had disability coverage with [Defendant], thus [Plaintiff was and is] not eligible to file a disability claim.

(*Id.*)

Several times throughout the complaint, Plaintiff appears to suggest that statements he has made, either to Defendant or otherwise, should be considered legally binding. (*See id.* at 4, 7, 12.) From the factual allegations and documents presented, this legal theory appears to be indisputably meritless, and the claim that Defendant was informed of Plaintiff's eligibility for long term disability in January 2025 is clearly baseless. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) ("a claim is frivolous only where it depends on an indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario"). At the very least, based on the facts alleged and documents presented, the complaint fails to state a claim on which this Court may grant relief, warranting dismissal upon screening, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In an abundance of caution, Plaintiff will be granted one opportunity to amend the complaint, to cure the deficiencies discussed above, and state a claim on which this Court may grant relief. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

THEREFORE, on this 30th day of October 2025, it is HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED** without prejudice to Plaintiff filing an amended complaint on or before December 1, 2025; and

2. Should no amended complaint be timely filed, the Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams
United States District Judge